UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONNECT TRANSPORT, L.L.C., | § | CASE NO. 16-33971 |
| *et al.*,[1] | § | (JOINTLY ADMINISTERED) |
| | § | |
| DEBTORS. | § | CHAPTER 7 |
| _____ | | |
| JASON R. SEARCY, TRUSTEE | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY No. _____ |
| | § | |
| NEW DOMINION, LLC | § | |
| Defendant | § | |

**ORIGINAL COMPLAINT TO AVOID
AND RECOVER PREFERENTIAL TRANSFERS TO
NEW DOMINION, LLC**

JASON R. SEARCY, TRUSTEE of the Debtors in the Chapter 7 Bankruptcy Cases listed above (the "Trustee" and/or "Plaintiff") files this *Complaint to Avoid and Recover Preferential Transfers to NEW DOMINION, LLC* (the "Complaint") against NEW DOMINION, LLC ("NEW DOMINION" and/or "Defendant") and hereby alleges as follows:

**I. SUMMARY OF ACTION**

1.1.    The Trustee seeks to avoid and recover certain pre-petition transfers made by, or on behalf of, the Debtors to Defendant before the Bankruptcy Cases were commenced. These transfers are avoidable under 11 U.S.C. §§ 547, and 550.

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Murphy Energy Corporation (6520); Murphy Holdings, Inc. (5447); Connect Terminals, LLC (8999); Connect Transport, LLC (6498); MG Rolling Stock Land, LLC (8749); Murphy Terminal, LLC (3482); Big Rig Tanker, LLC (8517); Port Hudson Terminal, LLC (5596); Port Allen Terminal, LLC (5058).

## II. PARTIES

2.1. Jason R. Searcy, Trustee, is the duly appointed Chapter 7 Trustee for each of the above affiliated Debtors. On October 4, 2016 (the "Petition Date"), the nine affiliated above Debtors ("Debtors") filed their respective voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Jason R. Searcy was appointed to serve as the Chapter 11 Trustee for each of the cases on February 7, 2017(the "Chapter 11 Cases")[Dkt. #615]. On or about April 11, 2017, the Debtors' Chapter 11 Cases were each converted to a case under Chapter 7 of the Bankruptcy Code [Dkt. # 737]. Jason Searcy was shortly thereafter then appointed as the Chapter 7 trustee for each of the Debtors.

2.2. NEW DOMINION, LLC is a foreign corporation with its principal place of business in the State of Oklahoma. NEW DOMINION may be served with process in compliance with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules" or "FRBP") by mailing a copy of this Complaint and accompanying summons via certified United States mail, return receipt requested, postage prepaid, to NEW DOMINION's registered agent in Oklahoma for service of process: Fred Buxton, 1307 S Boulder Ave, Ste 400, Tulsa, Oklahoma, 74119.

## III. JURISDICTION AND VENUE

3.1. This Court has jurisdiction over this adversary proceeding (the "Lawsuit") under 28 U.S.C. §§ 157 and 1334.

3.2. This Lawsuit is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (F), and (O). The Trustee hereby consents to the entry of final orders or a final judgment by this Court in this Lawsuit if it is determined that this Court, absent consent of the parties to this

Lawsuit, cannot enter final orders or a final judgment consistent with Article III of the United States Constitution. Moreover, to the extent that this Lawsuit is determined to be a non-core proceeding, then the Trustee likewise also consents to the entry of final orders or a judgment by this Court.

3.3. Venue is proper in this Court under 28 U.S.C. § 1409.

## IV.  BACKGROUND FACTS

4.1. Murphy Energy Corporation, one of the above listed Debtors, entered into a Natural Gas Condensate Outright Purchase Agreement with NEW DOMINION, LLC, on or about July 1, 2014, for the purchase of condensate production ("Agreement").

4.2. Pursuant to their contracted services in the Agreement, NEW DOMINION was a provider of goods and/or services to Debtors. Generally, NEW DOMINION provided invoices for products purchased during a prior period of time, and Debtors would then pay for the goods or services received.

4.3. Various payments were made to NEW DOMINION as set forth below. Some of these payments were made shortly before the Bankruptcy Cases commenced on Petition Date of October 4, 2016.

## V.  COUNT ONE
### Avoidance of Preferential Transfers-11 U.S.C. § 547

5.1. The Trustee re-alleges and incorporates by reference the allegations contained herein above as if fully set forth herein.

5.2. On or within ninety (90) days prior to the Petition Date (i.e., from July 6, 2016 through October 4, 2016) (the "Preference Period"), the following payments were transferred to

NEW DOMINION by wire transfer from Debtors' bank accounts at Bank of America ("BOA"):

| DATE OF TRANSFER | AMOUNT |
|---|---|
| 8/3/2016 | $87,228.54 |
| 9/2/2016 | $57,014.87 |
| **TOTAL AMOUNT RECEIVED DURING PREFERENCE PERIOD** | $144,243.41 |

(collectively, the "NEW DOMINION Transfers")

5.3. The NEW DOMINION Transfers were made during the Preference Period.

5.4. The NEW DOMINION Transfers were made from Debtors' bank account at BOA. This bank account held funds that constituted property of Debtors. Therefore, the NEW DOMINION Transfers constituted transfers of an interest in property of Debtors.

5.5. The NEW DOMINION Transfers were made to or for the benefit of Defendant, and Defendant received the NEW DOMINION Transfers. At the time the NEW DOMINION Transfers were made, Defendant was a creditor with a right to payment for goods and/or services. Defendant's right to payment constituted a "debt" or "claim" of Defendant as those terms are defined in the Bankruptcy Code.

5.6. The NEW DOMINION Transfers were made, or caused to be made, for or on account of an antecedent debt owed to Defendant. In each instance, the NEW DOMINION Transfers satisfied certain amounts owed to Defendant for goods and/or services.

5.7. At the time the NEW DOMINION Transfers were made, Debtors were insolvent within the meaning of Bankruptcy Code § 101(32) because total debts exceeded the value of its total assets at a fair valuation.

5.8. By virtue of receiving the NEW DOMINION Transfers, Defendant received more

than it would have received if the Bankruptcy Cases had been cases under Chapter 7 of the Bankruptcy Code, the NEW DOMINION Transfers had not been made, and Defendant had received payment of the amounts then owed to the extent provided by the provisions of the Bankruptcy Code. Debtors' Schedules filed in the Bankruptcy Cases and the proofs of claim filed in the cases evidence that Debtors' liabilities will exceed its assets to the point that unsecured creditors may not receive one hundred percent (100%) of their claims from Debtors' bankruptcy estates.

5.9.    For these reasons, the NEW DOMINION Transfers constitute preferences under Bankruptcy Code § 547(b) and should therefore be avoided under that provision.

## VI. COUNT TWO
### Recovery of Avoidable Transfers-11 U.S.C. § 550

6.1.    The Trustee re-alleges and incorporates by reference the allegations contained herein above as if fully set forth herein.

6.2.    Section 550 of the Bankruptcy Code allows the Trustee to recover, for the benefit of the estate, the property transferred and avoided under section 547 from the initial transferee of such transfer or the entity for whose benefit such transfer was made. See 11 USC § 550(a).

6.3.    Defendant was either (i) the initial transferee of the NEW DOMINION Transfers or the entity for whose benefit the NEW DOMINION Transfers were made or (ii) the entity for whose benefit such transfer was made. Accordingly the Trustee is entitled to recover the NEW DOMINION Transfers in the amount of $144,243.41, plus costs and interest thereon to the date of payment.

## VII. COUNT THREE
### Disallowance of Pre-Petition Claims and Expenses-11 U.S.C. § 502(d)

7.1. The Trustee re-alleges and incorporate by reference the allegations contained herein above as if fully set forth herein.

7.2. Defendant is a transferee of the NEW DOMINION Transfers, which are avoidable under Bankruptcy Code §547. Defendant is therefore an entity from whom property is recoverable under Bankruptcy Code § 550.

7.3. Defendant has not repaid the amount of the NEW DOMINION Transfers, or turned over such property, for which Defendant is liable under Bankruptcy Code § 550.

7.4. Under Bankruptcy Code § 502(d), any and all pre-petition claims, expenses (including expenses under Bankruptcy Code § 503(b)(9)), and all other such amounts owed to Defendant by the Debtors as of the Petition Date must be disallowed until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the NEW DOMINION Transfers, plus all pre- and post-judgment interest thereon to the date of payment, as well as all the costs of this Lawsuit. See 11 U.S.C. § 502(d).

7.5. The Trustee therefore requests that the Court disallow any pre-petition claims, expenses, and all other such amounts owed to Defendant by the Debtors as of the Petition Date until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the NEW DOMINION Transfers, plus all pre- and post-judgment interest thereon to the date of payment, as well as all the costs of this Lawsuit.

WHEREFORE JASON R. SEARCY, TRUSTEE, as Plaintiff, respectfully prays that this Court enter a judgment in their favor as follows:

A. determining that the NEW DOMINION Transfers are avoidable preferences under Bankruptcy Code § 547(b);

B. awarding judgment against Defendant in the amount of the avoidable NEW DOMINION Transfers and requiring Defendant to return such amounts to the Debtors' bankruptcy estates under Bankruptcy Code § 550;

C. awarding pre- and post-judgment interest to the Trustee on any judgment awarded to the Trustee until such judgment is paid in full, plus a reasonable attorney's fee and all costs of suit;

D. disallowing any and all pre-petition claims, expenses, and all other such amounts owed to Defendant by the Debtors estates as of the Petition Date under Bankruptcy Code § 502(d) pending Defendant's satisfaction of the judgment awarded to the Trustee hereunder; and

E. granting the Trustee such other and further relief as is just and equitable.

Dated: September 21, 2018.

Respectfully submitted,

*SEARCY & SEARCY, P.C.*

/s/ Callan C. Searcy
JASON R. SEARCY
State Bar No. 17953500
Email: jsearcy@jrsearcylaw.com
JOSHUA P. SEARCY
State Bar No. 24053468
Email: joshsearcy@jrsearcylaw.com
CALLAN CLARK SEARCY
State Bar No. 24075523
Email: ccsearcy@jrsearcylaw.com
P. O. Box 3929
Longview, TX  75606
903/757-3399 PHONE
903/757-9559 FAX

ATTORNEYS FOR CHAPTER 7 TRUSTEE